JOHN NASH, Appellant, *v.* MARKS MONHEIMER, Appellee.

APPEAL FROM BUREAU.

A contract will not be enforced, which grows immediately out of, or is connected with, an illegal or immoral act. And this, if the contract be in part only connected with the illegal transaction; though it be a new contract, it is equally tainted.

A trial of the speed of a horse, upon a wager, within the corporation limits of a city, where there is an ordinance against fast driving, is such an act against good morals as will preclude a court of justice from enforcing a payment of the wager.

THIS was originally a cause brought before a justice of the peace, of Bureau county, by the appellee against the appellant, and taken by appeal to the said Circuit Court, in which there was judgment for the appellee; and the appellant, who was the defendant in the court below, brings the case to this court by appeal. The facts of the case are fully set out in the bill of exceptions, as follows:

This cause came on for trial before the Circuit Court of Bureau county, at the October term, 1855, of said court. A jury was waived, and the cause submitted to the court upon the following agreed state of facts: " This cause was originally instituted before a justice of the peace, of said county, and appealed to the said Circuit Court. The plaintiff brought suit against the defendant on the following demand, to wit: ' John Nash to Marks Monheimer, Dr. 1855. To cash won on wager, by said Nash and Monheimer, that he, Nash, could make a certain horse rack one-half mile in one and a half minutes—said horse, on trial, failing to make the same, $25.00.' It was admitted, that in pursuance of a contract between the said parties, which is substantially set out in said statement, the horse of the plaintiff was racked on said wager, within the corporation of the town of Princeton, in said county, by the defendant, previous to the institution of said suit, and said horse failed to rack one-half mile in one and a half minutes; that no place where said [horse should be racked on said wager was specified in the contract or wager between the parties, but that when said horse was so

racked upon said wager, the plaintiff was present and made no objection to said racking of the horse being within the corporation of said town. It was further admitted, upon said trial, by the parties to this suit, that said town of Princeton was a legally incorporated town, under the laws of this State, at and before the time of said test or trial of the speed of plaintiff's horse, and that an ordinance of said town had been duly and legally enacted and published, and was still in full and legal force and effect, at and before said test or trial, which prohibited furious riding or driving of horses within the incorporated limits of said town; and that the speed with which said horse was rode, on said trial or test, was such, that he racked one-half mile in one minute and thirty-four seconds, along one of the streets of said incorporated town." Which was all the evidence in the case.

The court found the issue for the plaintiff, and rendered a judgment for plaintiff for twenty-five dollars, to which the defendant then and there excepted, etc. The defendant also moved for a new trial, which the court overruled, to which the defendant excepted.

This cause was tried by HOLLISTER, Judge.

Upon this record the appellant makes the following assignment of errors, to wit:

1st. The court erred in finding for the appellee.

2nd. The court erred in overruling appellant's motion for a new trial.

3rd. The court erred in not finding for the appellant, and rendering a judgment in his favor and against the appellee for costs.

PETERS & FARWELL, for Appellant.

O. C. GRAY, for Appellee.

WALKER, J. This suit was originally commenced before a justice of the peace of Bureau county, who on the trial rendered a judgment against the defendant, which was by him taken by appeal, to the Circuit Court. On a trial in the Circuit Court, the plaintiff again recovered a judgment against defendant, from which he appealed to this court. The action was to recover a wager of $25, that Nash could make a certain horse rack one-half mile in one and a half minutes. It was agreed by the parties on the trial below, that in pursuance of the wager, the horse of Nash was racked within the corporate limits of the town of Princeton, previous to the commencement of the suit, and that the horse failed to rack a half mile in one and a

half minutes. When the wager was made, no place for the trial of the horse's speed was agreed upon, but when the horse was racked, both of the parties were present, and Monheimer made no objection that the horse was racked in the corporate limits. It was agreed that the town of Princeton was legally incorporated under the laws of this State, at the time the horse was racked. That an ordinance of the town was then in full force which prohibited, under a penalty, furious riding or driving of horses in the corporate limits of the town, and the speed of the horse on this occasion was such that he reached a half mile in one minute and thirty-four seconds, along one of the streets of the town.

The only question which we propose to consider in this case, is, whether the plaintiff was entitled to recover on this wager. It is a rule of the common law that all contracts in violation of its principles, or opposed to legislative enactments, or that are opposed to public policy, are void. The object of all laws is to repress vice and to promote the general welfare of the State or society; and an individual shall not be assisted by the law, in enforcing a demand originating in a breach or violation, on his part, of its principles or enactments. Chit. Cont. 513. And the rule was laid down by the Supreme Court of the United States, that where the contract grows immediately out of, and is connected with, an illegal or immoral act, a court of justice will not lend its aid for its enforcement. And if the contract be in part only connected with the illegal transaction, and growing immediately out of it, though it be in fact a new contract, it is thereby equally tainted. *Armstrong* v. *Taylor*, 11 Wheat. R. 258. From the admitted facts in this case, while no time or place for the trial of the horse's speed is expressly named, yet they do show that the horse was racked when both parties were present and no objection was interposed, and that the ordinance of the town was violated. The parties were both engaged in this transaction, both violating an enactment in executing their wager, and we are therefore irresistibly forced to the conclusion that the parties, when they made the wager, intended to make the trial of the horse's speed just as it was tested. If this was not their intention, there would have been objection to the time, place and manner of trying the speed of the horse; but none was interposed, and the execution of the contract was intended to and did violate the town ordinance. The contract was clearly connected with the violation of a legal enactment. It then follows that the plaintiff below had no right to recover in this case, and the Circuit Court erred in rendering a judgment in his favor. The judgment of that court is reversed.

*Judgment reversed.*