## ELI BOTHWELL

*v.*

## ALFRED BROWN.

1. COMPOUNDING A FELONY—*what constitutes.* Where a person who is charged with larceny, pays money to the person from whom the property was stolen, upon an agreement that the latter would not prosecute for the larceny, that would be compounding a felony, and would, of itself, constitute a crime indictable and punishable as such.

2. CONSIDERATION—*what is sufficient.* Where a person who is charged with the crime of larceny, pays money to the person from whom the property was stolen, for the purpose of reimbursing the latter for the expenses he had incurred in searching for the property, and the circumstances tended to show that the party paying the money was guilty of the charge, the purpose of making the payment was a sufficient consideration to support the agreement under which the payment was made, and the money could not be recovered back.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Mr. A. C. MASON and Messrs. FROST & TUNNICLIFF, for the appellant.

Mr. G. C. LANPHERE and Mr. A. M. CRAIG, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit for money had and received, brought by appellant before a police magistrate, against appellee, and removed to the Circuit Court of Knox county, where a trial was had, resulting in favor of appellee, and the record is brought to this court and we are asked to reverse the judgment of the court below, because it is claimed that the verdict is against the evidence, and that the court below misdirected the jury.

In this case, appellee contends that the money was paid to him by appellant to reimburse him for money he had expended in searching for horses which had been stolen from him, and with which crime appellant was charged, and for whose arrest a warrant was in the hands of an officer. On the other hand, it is claimed, that appellant paid the money to extinguish appellee's title to the horses, which he had sold to one Timmons, and to whom he was liable on the implied warranty. The jury have found that the money was paid to reimburse appellee for his loss and expense in finding the horses. When all the evidence is considered, we perceive that there is evidence from which it may be inferred that appellant was guilty of the charge.

Appellee swears that his horses were stolen from his stable, in Knox county, and they were found in the possession of Timmons, in the State of Missouri, who claimed to have purchased them of appellant, and it is not denied that this claim is true. Then the first we learn of the horses, after they were stolen, they were in the hands of appellant when he sold them to Timmons ; and if honestly acquired, why not prove it, as it may be supposed he could readily have done. But no effort was made to show how he obtained them, although he must have known he was charged with the crime. Not only so, but his father and mother denied all knowledge of where

he was at the time of the trial in the circuit court. If innocent, why conceal from his parents his residence or place of abode. These are all circumstances tending to prove that he was guilty, and if so, he caused the loss of time and the money expended in finding the horses, and that constituted a sufficient consideration to support the contract to pay the money to appellee. The evidence tends to prove, that it was paid as such indemnity, and is sufficient to sustain the verdict.

If, however, the money was paid to compound the felony, then the contract would be immoral and clearly against the law. If it was paid on an agreement not to prosecute for the larceny, it would be compounding a felony, and would, of itself, constitute a crime, indictable and punishable as such. But the jury were informed, that if they believed such was the agreement, then appellee acquired no title to the money. And the jury virtually found that the money was not paid to compound a felony, or stop the prosecution that had been commenced.

The judgment of the court below is affirmed.

*Judgment affirmed.*