## JAMES HENNESSEY

### *v.*

## JOHN V. HILL.

CONSIDERATION—*want thereof*. Where a party gave to a constable his written obligation to pay a sum of money, the sole consideration for which was the forbearance on the part of the officer from levying a writ of attachment on the property of a third person, and the evidence showed there was no intention on the part of the officer to make the levy, the property being exempt from execution: *Held*, the contract was void for the want of consideration.

WRIT OF ERROR to the Court of Common Pleas of the city of Elgin, Kane county; the Hon. RICHARD T. MONTONY, Judge, presiding.

This was an action of assumpsit, originally brought by James Hennessey, against John V. Hill, before a justice of the peace, and afterwards appealed to the court of common pleas of the city of Elgin, Kane county, to recover on the following obligation, written on the back of an attachment writ, against one Andrew Ashbaugh:

"RUTLAND, April 16, 1868.

"I, John V. Hill, hold myself special bail to James Hennessey, constable, for the debt, interest and costs on this attachment, payable three months after date.

                "(Signed)          J. V. HILL."

It appears that Hill entered into the obligation to prevent Hennessey, as constable, from levying upon the property of Ashbaugh, but on the trial of the cause in the court below the evidence showed that Ashbaugh's property was exempt from execution, and Hennessey testified that he had no intention of making the levy. Judgment for the defendant. The plaintiff thereupon sued out this writ of error.

Messrs. BOTSFORD & HEALY, for the plaintiff in error.

Messrs. JOSLYN & WING, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The evidence fails to show any consideration for this undertaking of defendant in error, and this instruction to the jury was proper and the verdict correct:

"That unless the jury believe from the evidence in this case that the said plaintiff, at the time of the execution of the writing on the back of the attachment, had levied, or intended to levy on the property of Ashbaugh, then there was not a consideration in law for the contract or bail, signed by the defendant, and the jury should find for the defendant."

The plaintiff had not attached the property, and there was, therefore, no consideration for the promise. The judgment is affirmed.

                              *Judgment affirmed.*