S. W. HENDERSON

*v.*

O. H. PALMER.

1. CONTRACT—*founded on illegal consideration, void.* If any part of the entire consideration of a contract, or any part of an entire promise, be illegal, whether by statute or at common law, the whole contract is void.

2. If a part of the consideration is illegal, the whole contract is void, because public policy will not permit a party to enforce a promise which

he has obtained by an illegal act or an illegal promise, although he may have connected with this act or promise another which is legal.

3. Where a mortgage is given to secure the payment of a note given for an illegal consideration, it is tainted with the corrupt consideration of the note, and can not be enforced.

4. Where a note was given in consideration of a promise made by the payee to cause a prosecution for a felony, then pending in the State of Tennessee against the son of the maker of the note, to be discontinued, and a mortgage was executed to secure the payment of the note, it was *held*, that the consideration was illegal, and that both note and mortgage could be avoided.

5. And in such a case, where the mortgage had been foreclosed by *scire facias*, on a bill filed by the mortgagor to set aside the mortgage and proceedings by *scire facias*, as a cloud upon his title, the bill should be entertained, and the relief prayed for granted.

6. FORECLOSURE *by scire facias—what defenses allowed.* The foreclosure of a mortgage by *scire facias* is a proceeding *in rem*, and no defense can be interposed to it except payment, discharge, release, or satisfaction, or that the mortgage never had, for some reason, become a valid lien. Nor can usury, or *non est factum*, or a want of consideration, or that the consideration was illegal, be pleaded in such a proceeding.

7. LACHES. In a proceeding to foreclose a mortgage, the defendant can not set up, by way of defense, the illegal consideration of the indebtedness secured by the mortgage, and therefore the defendant is guilty of no *laches* in failing to do so, and is not thereby precluded from filing a bill in chancery to set aside the mortgage and the *scire facias* proceeding, as a cloud upon his title, upon the ground of the illegality of the consideration of the mortgage debt.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

Mr. N. M. KNAPP, for the appellant.

Mr. WM. THOMAS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case, that one H. B. Henderson, the son of appellant, was employed as an operator by a telegraph company, in Chattanooga, in the State of Tennessee, prior to the year 1867; that the officers of the

company instituted a criminal prosecution against him for embezzling $220, money of the company; that by the laws of the State of Tennessee embezzlement is made a felony. After the prosecution was commenced, on the 26th day of November, 1867, appellant was, to stop the prosecution against her son, induced to execute a note, with her husband and another, for $980, and a mortgage on the house and lot in which she and her husband lived, to one O. H. Palmer, an agent of the company, to secure the payment of the note. The house and lot was her sole property, derived from other sources than from her husband. There seems to be no question that the consideration for the note and mortgage was a promise that her son should he discharged and the prosecution dismissed. There was no agreement even that the son should be discharged from the claim of $220, which was set up against him by the officers of the company.

On the 25th day of February, 1869, she was induced to execute a new mortgage on the same premises to secure the payment of the same note, and the first mortgage was canceled. She claims that she was induced to do so under threats of foreclosure and sale; but this is denied, and it is insisted that time was given as the inducement to execute the new mortgage, which was desired to cure a defect in her acknowledgment of the first mortgage. Afterwards, Palmer, the mortgagee, sued out a writ of *scire facias* from the circuit court of Morgan county to foreclose the mortgage. A judgment by default was entered, no defense being made, and on a sale of the property, Thomas, the attorney for the mortgagee, became the purchaser for his use, and the time for redeeming the house and lot had expired. Thereupon this bill was filed to set aside and cancel the note, mortgage, judgment and sale of the property, as to complainant, because they were, as to her, void, but operated as a cloud on her title. Appellant, in her bill, alleges that she was informed by her husband that the attorney for mortgagee had agreed not to take judgment in the *scire facias* proceeding, without

giving him notice, but had given none. This is denied. but the husband testifies that such was the agreement, and the wife that she was so informed by her husband. Thomas, on the other hand, testifies that no such agreement was made. On a hearing, the court below denied the relief and dismissed the bill, and complainant appeals to this court.

We regard the evidence as clear and convincing that the property mortgaged belonged to appellant in her own right, and that the only consideration of the note was the agreement to dismiss the criminal prosecution against the son of appellant. Even if it could be inferred that it was intended to secure the $220 claimed to have been used by the son, still there would be $760 for which there was no other consideration than the agreement to dismiss the prosecution. Is this, then, such a consideration as will support the note and mortgage; or is such a consideration illegal, and does it render them voidable? If there had been an indebtedness, as claimed, we presume that it could and would have been proved against H. B. Henderson. But there is no proof that he owed the telegraph company even the $220 claimed to have been embezzled, nor any other sum. It was denied that he owed the company that or any other amount, and the evidence of Van Duger, who examined the books, tends to prove that he was not indebted to the company in any sum whatever. The copy of the indictment did not prove it, or any other fact. But even if he did owe a small portion of the amount, that would not warrant the extortion of the balance. When such a prosecution was pending, those pressing the prosecution knew the power it gave them to extort money of the mother, and the evidence seems to show that they availed themselves of the power to procure the note and mortgage. The rule is fully recognized, that when a contract grows immediately out of, or is connected with an illegal or an immoral act, a court of justice will not lend its aid in its enforcement. *Nash* v. *Monheimer*, 20 Ill. 215. Where money is paid to compound a felony, or an agreement, even, entered into to pay money for

such a purpose, such a contract is immoral and illegal. If
money is paid, or agreed to be paid, on an agreement not to
prosecute for a larceny or other crime, such an agreement is
the compounding of a felony, and is itself a crime, and in-
dictable as such. *Bothwell* v. *Brown*, 51 Ill. 234. It has been
held to be compounding a felony where a person receives a
note signed by a party guilty of larceny, as a consideration
for not prosecuting him. *Commonwealth* v. *Peas*, 16 Mass. 91 ;
*Wallace* v. *Hardacre*, 1 Comp. 45. "Any contract as security,
made in consideration of dropping a criminal prosecution,
suppressing evidence, soliciting a pardon, or compounding
any public offense, without leave of the court, is invalid." 1
Chit. Crim. Law, p. 4, 5 East, 298, 11 East, 46, and the other
cases cited in support of the text.

In the case of *Collins* v. *Blantern*, 2 Wils. 347, which was a
suit on a bond given to stifle a prosecution for perjury,
Lord Chief Justice WILMOT, in delivering the opinion, used
this language: "We are all of the opinion that the bond is
void *ab initio*, by the common law, by the civil law, moral
law, and all laws whatever." The court further said : "This
is a contract to tempt a man to transgress the law, to do that
which is injurious to the community; it is void by the com-
mon law, and the reason why the common law says such con-
tracts are void, is for the public good. You shall not stipulate
for iniquity; all writers upon our law agree in this : no pol-
luted hand shall touch the pure fountains of justice."

As a general rule, if any part of an entire consideration
for a promise, or any part of an entire promise, be illegal,
whether by statute or at common law, the whole contract is
void. "If a part of the consideration is illegal, the whole
consideration is void, because public policy will not permit a
party to enforce a promise which he has obtained by an ille-
gal act or an illegal promise, although he may have connected
with this act or promise another which is legal." Parsons
on Contracts, vol. 1, p. 380. And it is believed that he an-
nounces the well recognized rule of the common law.

It, then, follows, that this note and mortgage were void, as being given in violation of law, and for an immoral and illegal purpose, and appellee should not be permitted to profit by such a transaction. He should not reap the fruits of such a contract, and there was no equitable or legal ground for enforcing the payment of the money or the sale of the mortgaged premises. Nor did the execution of the present mortgage, and the satisfaction of that previously given, affect the rights of the parties in the slightest degree. The note was the principal thing, and the mortgage was but an incident. The note being tainted by the corrupt consideration, it was illegal and could be avoided, and through it, and as a part of the same transaction, the mortgage partook of the same vice, and its enforcement could be resisted on the same grounds and for the same reasons.

But appellant was not in a position to interpose this defense in the *scire facias* proceeding. In the case of *Carpenter* v. *Mooers*, 26 Ill. 162, it was held that such an action is a proceeding *in rem*, and no defense can be interposed to it, except payment, discharge, release or satisfaction, or that the mortgage never had, for some reason, become a valid lien. Nor can usury be set up in such an action. Nor is a plea of *non est factum* a proper plea. *Johnston* v. *The People*, 31 Ill. 469. And in the case of *Fitzgerald* v. *Forristal*, 48 Ill. 228, it was held that a want of consideration could not be pleaded in such a proceeding. It, then, follows that if a want of consideration can not be set up, the nature and character of the consideration can not, and hence the appellant could not show in the proceeding to foreclose by *scire facias* that the consideration for the note and mortgage was corrupt and illegal. Hence she has been guilty of no *laches* in failing to make her defense in that proceeding. Nor has the property passed into the hands of *bona fide* purchasers without notice. Thomas purchased as the attorney and for the use of Palmer, and still holds the premises. It, then, follows that there is no impediment to a court of equity affording the relief sought.

This the court below should have done, and for the error in refusing the relief and dismissing the bill, the decree of the court below is reversed and the cause remanded.

*Decree reversed.*

Mr. JUSTICE SCOTT, and Mr. JUSTICE SHELDON, dissenting.