# Julius Brieske et al. v. The North Chicago St. Ry. Co.

1. SPECIFIC PERFORMANCE—*When the Consideration is Illegal.*—The signatures of abutting property owners to a petition to a city council, charged with a public trust, for the laying of railroad tracks in a public street by a corporation, charged with a public duty, can not be lawfully purchased, and a consideration moving to the exclusive benefit of such owners for their signatures to such a petition and their consent to such a grant and an agreement based thereon, being opposed to public policy, will not be enforced by the courts.

2. SAME—*When Against Public Policy.*—Public policy will not permit a party to enforce a promise which he has obtained by an illegal act, although he may have connected with such act another which is legal.

3. CONTRACTS—*Part of the Consideration Void.*—As a general rule if any part of an entire consideration for a promise, or any part of an entire promise be illegal, whether by statute or at common law, the whole contract is void.

4. SAME—*Consideration Illegal in Part.*—A contract illegal in part and legal as to the residue is void as to all when the parts can not be separated; when they can be the good will stand and the rest fall. One entire consideration can not within this rule be separated, though composed of distinct items, some of which are legal and others illegal.

5. SAME—*Consideration Void in Part.*—If part of a consideration be merely void the contract may be supported by the residue of the consideration, if good *per se*, but if any part of a consideration be illegal it vitiates the whole.

**Bill for Specific Performance.**—Trial in the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Bill dismissed on demurrer; appeal by complainants. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed May 2, 1899.

GEO. C. BUELL and G. W. AMBROSE, attorneys for appellants.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellee.

If any part of a consideration be merely void the contract may be supported by the residue, if good *per se,* but if any part be illegal, it vitiates the whole.   Cobb v. Cowdrey, 40 Vt. 25.

As a general rule if any part of an entire consideration

for a promise, or any part of an entire promise, be illegal, whether by statute or at common law, the whole contract is void. "If a part of the consideration is illegal, the whole consideration is void, because public policy will not permit a party to enforce a promise which he has obtained by an illegal act or an illegal promise, although he may have connected with this act or promise, another which is legal." (Parsons on Contracts, Vol. 1, p. 380.) And it is believed that he announces a well recognized rule of the common law. Henderson v. Palmer, 71 Ill. 583; see also Coppell v. Hall, 7 Wall. 538; Shenk v. Phelps, 6 Ill. App. 620; Lyon v. Waldo, 36 Mich. 345; Snyder v. Willey, 33 Mich. 483; Mutual Benefit Association v. Hoyt, 46 Mich. 473; Doane v. The Lake Street Elevated R. R. Company, 165 Ill. 510; Dewey v. Bell, 5 Allen (Mass.), 165; Doane v. Chicago City Ry. Co., 160 Ill. 22; Tobey v. Robinson, 99 Ill. 233.

Mr. Justice Shepard delivered the opinion of the court.

A bill in equity was filed by the appellants to enforce the specific performance of the contract hereinafter set forth, the particular relief sought being to recover from the appellee the amounts of money paid out by appellants for paving Southport avenue, mentioned in the second clause of the contract. A general demurrer to the bill was sustained and the bill dismissed at appellants' costs.

The contract was as follows:

"Chicago, September 27, 1894.

Agreement between residents of Southport avenue and North Chicago Street Railroad Company, Julius Brieske, Chairman.

Dear Sir: In consideration of the good will and co-operation of the residents of Southport avenue, from Clark street to Clybourn place, and their respective signatures to a petition to grant the North Chicago Street Railroad Company permission to construct and operate a line of street railways on said Southport avenue, between Lincoln avenue and Clybourn place, the North Chicago Street Railroad Company hereby covenants and agrees to pay to such a one as your committee may appoint, the sum of your obligation to your attorneys, which sum is not to exceed four hundred

dollars ($400), and a further sum of two hundred and fifty dollars ($250), as reimbursements for the amount of assessments collected from the people whom you represent, and as payment for the time and trouble of your committee, which sums are to be paid immediately upon construction of the said railway line on Southport avenue.

And further, the North Chicago Street Railway Company hereby covenants and agrees to pay unto each and every owner of property abutting on said Southport avenue from Clark street south to Clybourn Place, the amount of money paid out respectively by said owners for the paving of said Southport avenue to the extent of a space of sixteen feet in width, to be occupied by said railroad company, which amounts are to be paid to the citizens of Southport avenue immediately upon the construction of the above described street railway.

This agreement is made for the purpose of securing a unanimous vote on Southport avenue, and that the differences which have so long existed to our mutual detriment be now and for the future removed.

NORTH CHICAGO ST. R. R. CO.<br>By D. H. LOUDERBECK."

Appellee makes the point, which seems to be borne out by the record, that the bill is fatally defective in failing to allege a performance by appellants of their part of the agreement, to sign the petition (to the city council ?) for a grant to appellee of permission to lay tracks and operate its road upon the avenue named, and appellants make no reply to that point.

But we will pass by that question, and consider the broader one that is discussed by both sides.

It will be seen by an examination of the contract, that the promise of appellee sought to be enforced, is based upon the expressed consideration of their good will and co-operation, and their signatures to a petition to grant to appellee permission to construct and operate a line of street railroad in Southport avenue. It seems to be conceded that Southport avenue is one of the public streets of the city of Chicago.

In view of what was decided in Doane v. Chicago City Ry. Co., 160 Ill. 22, there can be no hesitation in holding,

as was there held, that the signatures of abutting property owners to a petition to a city council, charged with a public trust, for the laying of railway tracks in a public street, by a corporation charged with a public duty, can not be lawfully purchased; that a consideration moving and inuring to the exclusive benefit of such owners for their signatures to such a petition, and their consent to such a grant, and an agreement based thereon, will not be enforced by the courts because of being opposed to public policy, and therefore illegal. For the convincing reasons underlying the doctrine, we need only refer to that case.

If it be said, as urged by appellants, that the agreement was in compromise of conflicting rights and differences that had long existed between appellants and appellee concerning the use of Southport avenue by appellee for a railway, and that future good will and co-operation between them were lawful considerations, the law which stamps with its disapproval a contract based upon an entire consideration, any part of which is illegal, is in no wise satisfied.

"Nothing is better settled in the law of contracts than that if any part of the consideration upon which a promise rests is illegal, the entire promise fails. But this is not true *e converso.*"    Tobey v. Robinson, 99 Ill. 222.

That was a case where one of the purposes constituting the consideration was admittedly legal, but the other was not.

"As a general rule, if any part of an entire consideration for a promise, or any part of an entire promise, be illegal, whether by statute, or at common law, the whole contract is void. If a part of the consideration is illegal, the whole consideration is void, because public policy will not permit a party to enforce a promise which he has obtained by an illegal act or an illegal promise, although he may have connected with this act or promise, another which is legal." Henderson v. Palmer, 71 Ill. 579.

"A contract illegal in part and legal as to the residue, is void as to all, when the parts can not be separated; when they can be, the good will stand and the rest fall. One entire consideration can not, within this rule, be separated, though composed of distinct items, some of which are legal and others illegal." Bishop on Contracts, Sec. 487, and cases cited.

What part of the agreement in question can be said to have support in the lawful consideration said to exist, separated from the consideration that is illegal?

Nor does the fact alleged by the bill that appellee paid the attorney's fees and expenses of appellants' committee, amounting to $650, as agreed to be paid by the first clause of the agreement, estop the appellee from denying the illegality of the consideration at this time.

Any attempt to enforce an illegal contract will fail whenever the illegality appears. The defense in such cases must be treated as that of the public, and not of the defendant. Shenk v. Phelps, 6 Ill. App. 612; Lyon v. Waldo, 36 Mich. 345.

In Coppell v. Hall, 7 Wallace, 542, the Supreme Court of the United States, speaking by Mr. Justice Swayne, said:

"The instruction given to the jury, that if the contract was illegal the illegality had been waived * * * was founded upon a misconception of the law. In such cases there can be no waiver. The defense is not allowed for the sake of the defendant, but of the law itself. The principle is indispensable to the purity of its administration. It will not enforce what it has forbidden and denounced. The maxim *ex dolo malo non orator actio* is limited by no such qualification. * * * Whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case. No consent of the defendant can neutralize its effect. A stipulation in the most solemn form to waive the objection, would be tainted with the vice of the original contract, and void for the same reasons. Wherever the contamination reaches, it destroys. The principle to be extracted from all the cases is, that the law will not lend its support to a claim founded upon its violation."

So also in Lyon v. Waldo, 36 Mich. 345, it is said:

"Where a contract is tainted with illegal consideration, it is rendered incapable of confirmation by acts of part performance. Whatever is done toward carrying it out is regarded as done under the obligation of honor, and not under the sanction or obligation of law, and what remains stands on the same basis. The performance of it may be required by the sentiment of honor, but the law does not attach and bind the party to complete the unlawful com-

pact. The principle is recognized in Snyder v. Willey, 33 Mich. 483, and in other cases too numerous for citation. Cole v. Gibson, 1 Ves. Sr. 503, is one of the earlier authorities.

"The defense of illegality is a peculiar one, and in its nature differs from most others. The objection is rather that of the public speaking through the court, than of the defendant as a party to the contract. The law disallows all proceedings in respect of illegal contracts, not from any consideration of the moral position and rights of the parties, but upon grounds of public policy. However dishonorable, however culpable the defendant may be, the result is the same, and however numerous may have been the acts of part execution, they can not cleanse the contract of the impurity of its origin, and cause it to be the duty of a court of justice to respect and enforce it."

The distinction may well be noted, in this connection, between a contract supported by a consideration void in part, but good as to the residue, and one of which the consideration is illegal, either in part or in whole.

"The general principle is, that if part of a consideration be merely void, the contract may be supported by the residue of the consideration, if good *per se* (citing cases); but if any part of a consideration be illegal, it vitiates the whole (cases cited)." Cobb v. Cowdrey, 40 Vt. 25.

In so far as the doctrine of *ultra vires* has been referred to by appellants in their brief, or in authorities cited, we fail to see any application of it to the case in hand.

The enforcement of the agreement is not resisted, nor is it denied by us, because of it being beyond the power of appellee to make, but simply because of the illegality of its consideration.

The decree of the Circuit Court is affirmed.