**John G. Shortall et al. v. The Fitzsimons & Connell Co.**

1. CONTRACTS—*No Recovery Under, When Illegal.*—When a party can not establish his cause of action without relying upon an illegal contract, he can not recover.

2. SAME—*Courts Will Not Lend Their Aid to Enforce Illegal Contracts—Defenses by Parties in Pari Delicto.*—Courts will not lend their aid to a party who founds his cause of action upon an illegal or immoral act, but will allow defenses to be made by parties *in pari delicto*, not because such parties are entitled to relief, but upon principles of public policy and to conserve the public welfare.

3. PURPRESTURES—*What Are, and When Liable to Abatement by the State.*—A contract to build a wall through the waters of Lake Michigan by driving piles into, and making a permanent structure upon lands under said waters, the title to which is in the State of Illinois in trust for the public, is an illegal contract, and the wall, when built, is a purpresture, and liable to abatement at the instance of the State.

4. CONSIDERATION—*Failure of, When a Part is Illegal.*—Where a part of the consideration upon which a contract rests is illegal the entire consideration is illegal and the contract fails.

*Action on the Case,* for an alleged breach of a contract. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed February.14, 1901.

PERCY B. HERR and S. S. GREGORY, attorneys for appellants.

MEEK, MEEK, COCHRANE & MUNSELL, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellants brought an action on the case against appellee, a corporation, to recover damages for an alleged breach of contract between them and appellee, whereby the latter contracted to build a protection wall, according to certain plans and specifications, near to and along the shore line of appellants' real estate, lying along and adjacent to Lake Michigan, a trial of which before the Superior Court and a jury resulted in a verdict for appellee, directed by the court at the close of plaintiffs' evidence, and a judgment thereon, from which this appeal is prosecuted.

The specifications show that the wall was to be " built close to the water's edge, along a line to be designated by the trustees," and the piles used in its construction were to be driven " so as to leave the heads six feet above the water level." The appellants seem to have acted as trustees for a syndicate. The length of the wall, as contemplated, was about 600 feet, but only 404 feet were built, which was paid for by appellants under an arrangement ·by which it was to be paid for as much as should be built. The line on which the wall was to be built, as located and laid out by the appellants, ran through the water of the lake about fifty feet, and, when the water was still, this line was about ten feet from the shore line. The part of the wall built was in the water for some distance, about eighty feet, and

where the water was from six inches to one foot in depth. Appellee was ordered to stop the construction of the wall, when 404 feet of it had been constructed, by the Lincoln Park Commissioners, who, under the act of the Legislature of Illinois (Hurd's Stat. 1897, Ch. 105, Par. 177, Sec. 16), claimed to be the owner in fee, in trust for the people of Illinois, of the submerged lands under Lake Michigan at this point.

There is evidence tending to show that appellee did not build the wall of the kind of material specified, and that both appellee and appellants thought that at the time the contract was made they were acting " within their rights," to use the language of one of the appellants in giving his testimony—in other words, that they thought the contract was not in violation of the law.

The intention of the parties to the contract can not make their contract legal when it is in contravention of the law. If this submerged land was not owned by the Lincoln Park Commissioners, the title thereto was in the State of Illinois in trust for the public.  Revell v. People, 177 Ill. 468–78, and cases cited.

And the contract to build this wall through the waters of Lake Michigan by driving piles into and making a permanent structure upon the lands under said waters, was an illegal contract.  The wall was a purpresture, and liable to abatement at the instance of the State.  Revell case, *supra*, 479–89, and cases cited.

The claim of appellants that because the contract is not immoral and has been partially performed there can be a recovery, is not, in our opinion, tenable.  Appellants' right to a recovery is based upon the illegal contract, a breach of which is of the very gist of their action.  Without a proof of their contract, their case must fail.  It may be true, as stated by the learned counsel in their brief, that there are many illegal contracts in respect of which the parties are not wholly remediless, but the facts of this case do not present such a contract.  In Goodrich v. Tenney, 144 Ill. 422–30, the court, in speaking of the unjustness of one party

to an illegal contract trying to take advantage of such illegality, say: "The contract being illegal, no rights can be enforced under it," and quote from Lord Mansfield, viz.: "No court will lend its aid to a man who founds his cause upon an illegal or immoral act;" and held that the defense may be made by one *in pari delicto*, not because he was entitled to the relief, but upon principles of public policy and to conserve the public welfare.

The court also held, citing and reviewing many cases, that there could be no recovery in that case because it could be had only through and under the illegal contract.

To a like effect are Bishop v. Amer. Preservers Co., 157 Ill. 284–315; Cook v. Meyers, 166 Ill. 282–9; Paige v. Hieronymus, 180 Ill. 637–41, and Cisna v. Sheibley, 88 Ill. App. 385–94. In the Bishop case the court say the general rule of law is that " when a plaintiff can not establish his cause of action without relying upon an illegal contract, he can not recover."

We know of no well considered case where a recovery has been allowed where the very basis of the action is an illegal contract or its breach.

Appellants also contend that the contract is severable, that they did not go on with the illegal contract, but assented to a variation from the line as originally contemplated and laid out, and that this variation made the contract as executed a legal one. We can not accede to this contention.

It is true there appears to have been a variation from the line of the wall as laid out by appellants, but this was caused by appellee, and while accepted by appellants to this point, they required appellee to continue the wall thereafter so as to pass through the waters of the lake the distance above mentioned, thus making the contract as finally executed an illegal one. Appellants are in no better position under the contract as executed, than they were as it was made. It is not in the power of appellee, by its action, to waive the illegality of the contract. Coppell v. Hall, 7 Wall. (U. S.) 542–58.

Nor is the contract, to the extent to which it was executed, severable, as claimed by appellants. It was to build a continuous wall 404 feet in length, of which about eighty feet was through the water of the lake, as to which latter part no distinction or separation was made. There is no independent provision or promise as to that part of the wall which was built on appellants' land. "If a part of the consideration upon which a promise rests is illegal, the entire promise fails." Estate of Ramsay v. Whitbeck, 183 Ill. 550–64; Brieske v. N. Chicago St. Ry. Co., 82 Ill. App. 256–9, and cases cited; 1 Parsons on Contracts, 455–6; Bishop on Contracts, Sec. 487, and cases cited.

Mr. Bishop says, in speaking of the rule as to contracts which are severable :

"One entire consideration can not, within this rule, be separated, though composed of distinct items, some of which are legal and others illegal. To illustrate: where one uninterrupted service consists chiefly of what is lawful, yet in small part of acts done in an unlawful business, nothing can be recovered for it."

We are of opinion that the judgment is correct, and it is affirmed.