William H. Schueler, for use of Logan Investment Com=
pany, Appellee, v. Chicago, Indianapolis &
Louisville Railway Company,
Appellant.

Gen. No. 16,129.

CORPORATIONS—*when defense that foreign has not complied with
state regulations available.* If the foreign corporation suing as usee
is charged with having failed to comply with state regulations the de-
fense is available and will bar a recovery if established.

Action commenced before justice of the peace. Appeal from the
Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge,
presiding. Heard in the Branch Appellate Court at the October term,
1909. Reversed and remanded. Opinion filed February 13, 1912. Re-
hearing denied February 29, 1912.

KRETZINGER, ROONEY & KRETZINGER, for appellant.

WELDON WEBSTER, for appellee.

MR. JUSTICE KAVANAGH delivered the opinion of the
court.

In the city of Chicago on November 28, 1902, Wil-
liam H. Schueler, while in the employ of appellant,
made an assignment in writing of his wages earned and
to be earned to the Logan Investment Company, a
corporation organized under the laws of the State
of Indiana. Of this assignment the appellant Rail-
way Company was at once notified. Schueler continued
in his employment until $175 was earned, which sum,
notwithstanding the assignment and the notice thereof,
appellant paid over to Schueler. Thereupon suit was
brought in a justice court by Schueler for the use of the
Logan Investment Company against the Railway Com-
pany, in which suit a judgment was rendered against
the Railway Company, who thereupon appealed to the

Circuit Court of Cook county, where another trial was had and a judgment for $175 was again rendered against appellant. Appellant now brings the case here, urging that the judgment should be set aside because of the court below having erred in the refusal to admit certain testimony. This is the only complaint made by appellant, and while appellee has favored us with argument upon several objections to the judgment not raised by the appellee, the decision of this case must depend solely upon the admissibility or inadmissibility of the evidence in question.

The Railway Company attempted to show upon the trial that the Logan Investment Company had not complied with the laws of this state relating to foreign corporations, and that therefore at the time of the taking of the assignment from Schueler it was acting in violation of the statute of this state. In pursuance of this attempt it called Weldon Webster, a person connected with the management of the corporation of this state, and asked him:

"Q. Now after the Logan Investment Company obtained its charter from the state of Indiana, as you testified upon your cross-examination, what steps, if any, did you take, if you know, to comply with the laws of this state, in order to comply with the laws of this state, in order to do business in this state?

Objected to.

THE COURT:. Well, I think this is a prima facie corporation. Dealing with them as such, I would hold that it cannot be questioned by him. For that reason, I think the objection to this line of testimony should be sustained.

MR. BOMBAUGH: But it is the plaintiff in this suit, and is not entitled to maintain this suit unless it had complied with the laws of this state relating to foreign corporations.

THE COURT: This suit must be considered substantially as a suit by Schueler. The objection is sustained."

From the above questions and answers, as well as from the remarks of the court, it sufficiently appears that the purpose of the questions was to show that the Logan Investment Company had not complied with the laws of this state regarding foreign corporations before beginning to transact business here.

It seems to us that the rejection of this evidence was clearly error. Assuming, as we must, that this evidence if admitted would have sustained appellant's contention that the Logan Investment Company, when making the assignment in question, was acting in violation of the laws of this state, then the contract was not merely an agreement that the parties were not obliged to execute by reason of its infirmity; the vice went further. The very act of the assignment was, by the Logan Investment Company, a wilful violation of a positive prohibitive statute, and an open infraction of the law. It is true that loan companies incorporated in foreign states were authorized to loan money without compliance with the general requirements of the statutes concerning foreign corporations. But not all loan companies were so favored—only such as were permitted to loan money by virtue of their original charters. No such claim, of course, was made for the usee in this case. Nor is there anything in the record to justify a finding that it is a loan company. So that, so far as it appears, the assignment which is the basis of the present suit was in open, flagrant violation of law. The statute of 1899, which was in force at the time of the assignment in question, deprived a foreign corporation which failed to comply with its provisions of all right to bring suits in the courts of this state, and in addition imposed a fine of not less than $1,000 for doing business in violation of its terms.

So in this case, as it is disclosed by the record, we have the anomaly of an action brought by a party to an assignment as the beneficial usee, where as a matter

of law the assignment was prohibited by positive stat-
ute, and the usee was liable to a fine of not less than
$1,000 for being a party to it at all.   To hold that the
usee in such a case can take shelter behind the nominal
plaintiff, and so reap the benefit of his misdeed, is to
suppose an impotency in the law, which does not exist,
and which never has existed.   Long ago Lord Mans-
field said in Holman v. Newland, Cowper, 417: "No
court will lend its aid to a man who founds his cause
of action upon an illegal or criminal act."   That prin-.
ciple is fully adopted in this state.   Goodrich v. Tenny,
144 Ill. 430.   When the act is a violation of a statute
or against public morals, even one in pari delicto may
take advantage of its infirmity because, as has often
been said, not because he is entitled to relief, but upon
principles of public policy and to conserve the public
welfare.   Shortall v. Fitzsimmons & Connell Co., 93
Ill. App. 231; Critchfield v. Bermudez Asphalt Paving
Co., 174 Ill. 466; Peitsch v. Peitsch, 245 Ill. 454.

As was again said by our Supreme Court concerning
an instrument executed under similar circumstances,
"The contract upon which this suit was brought hav-
ing been entered into in this state, where appellant was
not permitted to transact business in this state, is in
violation of the plain provisions of the statute, and
is therefore null and void, and no action can be main-
tained thereon at any time, even if the corporation
should at some time after the making of the contract
qualify itself to transact business in this state by a
compliance with our laws in reference to foreign cor-
porations that desire to engage in business here."
United Lead Co. v. Elevator Co., 222 Ill. 199.

In Wright v. Cudahy, 168 Ill. 86, it is said: "It
is insisted, however, that as the illegality of the con-
tract was not set up as a defense in the answer, the
court could not consider the evidence on that branch
of the case. * * * The parties could not, whether by
mistake or design, compel the court to adjudicate upon

their alleged rights growing out of a contract void because against public policy, or in violation of public law, by simple process of narrowing their pleadings. The court itself had the right to know the nature of the contract it was called upon to enforce and to deny all relief when it appeared that such contract was in violation of the law or of public policy of the state, whether alleged in the pleadings or not. To hold otherwise would be to subordinate the courts to the ingenious devices of men engaged in illegal and even criminal transactions, and compel them to carry out in the solemn forms of the law, and by its resistless power, transactions which the same law had pronounced criminal and void.''

Since, then, it appeared that the Logan Investment Company was a foreign corporation, doing business within this state at the time of the assignment in question, and that the assignment itself was a transaction of the company within this state, it would have been a meritorious defense to the assignment for appellant to show that at the time of its execution the Investment Company was proceeding in direct violation of our statutes, and incurring its penalties.

The evidence offered was competent and should have been admitted.

For the error pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*