PER CURIAM.
The booth or stand which the writ of mandamus commands the appellants to remove from the street is plainly an obstruction on the highway, and unlawful, unless statutory authority can be found for its maintenance. The existence of such authority is asserted under an ordinance of the' common council empowering the alderman of the ward to grant permits to use a portion of the sidewalk for the displaying goods and merchandise. The right of the common council to enact this ordinance is based on the following provision of the city charter:
“ The common council shall have power within said city to make, establish, publish and modify, amend or repeal ordinances, rules, regulations and by-laws not inconsistent with this act or with the constitution or laws of the United States or of this state, for the following purposes: * * * (3) To regulate all matters connected with public wharves and all business conducted thereon, and with all parks, places and streets of the city. ” Laws 1888, c. 583, tit. 2, § 12.
We are entirely clear that the power to regulate matters connected with and business conducted upon the streets is not a power to permit or authorize any unlawful use of the streets, but merely to regulate lawful uses thereof. There are many temporary uses of the street, which, for the time, obstruct public travel, yet are lawful; such as the right of an adjoining owner to use part of the highway for the deposit of materials to build or repair a structure on his lot, the right to unload a vehicle, and deposit its load on the street, for the purpose of removing it to the adjacent store. Callaman v. Gillman, 107 N. Y. 360; 12 St. Rep. 21. Ample effect and scope is given to this charter authority when it is held to apply to-the regulation of the lawful uses of the highway such as these, and the speed of vehicles. There is no reason for giving it any greater scope.. We are also clear that, even if there were any power in the common council to authorize any obstruction as here-proceeded against, such power cannot be delegated to the individual alderman, but must be exercised by the common council itself.
The order appealed from should be affirmed, with $10 cost and disbursements.