(18 App. Div. 350.)

WHALEN v. WILLIS et al.

(Supreme Court, Appellate Division, Second Department. June 22, 1897.)

COMMISSIONER OF STREETS—AUTHORITY.
  The discretionary power vested in the commissioner of city works of the city of Brooklyn by the ordinance (chapter 3, art. 6, § 12) in reference to granting permits to drive or back carts across the sidewalks while making excavations relates to the method and manner in which the street shall be crossed, and perhaps to the time when the right shall be exercised, but does not authorize the commissioner to require, as a condition of granting a permit, that the streets through which the carts are driven shall be sprinkled.

Appeal from trial term.

Application by Richard Whalen for a writ of mandamus against Theodore B. Willis, as commissioner of city works of the city of Brooklyn, and Nicholas I. Flocken, as superintendent of streets. From an order denying his motion, relator appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Almet F. Jenks and William E. C. Mayer, for appellant.
William G. Cooke, for respondents.

HATCH, J. The relator was a contractor, engaged in the removal of earth from blocks bounded by Forty-Ninth, Fiftieth, and Fifty-First streets and Fourth avenue in the city of Brooklyn. In the prosecution of his work he was required to cross the walks upon the side of said streets, and he applied to the commissioner of city works for a permit authorizing him so to do. The permit was refused, except upon condition that he sprinkle the streets through which he trucked the earth with water. Upon his refusal to comply with this condition, the issuance of the permit was denied. The ordinance of the city of Brooklyn regulating such matters is found in section 12 of article 6 of chapter 3 of Ordinances. So far as material to the present controversy, it provides:

"No person shall drive, back or load any horse or other draught animal, or drive or push any cart or other vehicle, except baby carriages, on or along the

footpath or sidewalk of any public highway or street in the city of Brooklyn. The commissioner of city works may, however, in his discretion, grant permits allowing persons to drive or back carts or other vehicles across sidewalks for the purpose of filling in or digging down vacant lots, or for the purpose of making excavations below the street level, provided," etc.

The contractor complied with all of the provisions of the ordinance entitling him to a permit, unless the commissioner was authorized to impose the condition above adverted to. The ordinance does not assume to impose as a condition of granting a permit that the streets through which the dirt may be carted shall be sprinkled, and until such condition be imposed by the common council it is not a requisite to the granting of a permit. The discretionary power vested in the commissioner carries with it no such authority. If it be assumed that such was the intention, then to that extent it would be void as being in excess of the power to delegate. Birdsall v. Clark, 73 N. Y. 73; People v. Willis, 9 App. Div. 214, 41 N. Y. Supp. 168. The authority conferred by the ordinance is not to be so construed. The discretionary power vested in the commissioner relates to the method and manner in which the street shall be crossed, and, it may be, the time when the right shall be exercised. The power is to be exercised by the commissioner in a reasonable manner, dependent upon the circumstances and conditions. This is the sole power conferred by this ordinance. It is stated in the affidavit of Flocken that the contractor's carts are of such construction that they permit the earth to fall out, and litter the street and walk. This fact, however, bears no relation to the present ordinance, and seems to be abundantly provided for by section 9 of article 2 of chapter 2, which provides that the contractor shall not use such a cart for hauling dirt. But it contains no authority for the imposition of a condition that he shall sprinkle the streets with water, upon which the refusal is based. It is more than doubtful if power exists in the common council or other branch of the city government to prevent access by an owner to his property for any lawful purpose, unless such right of access be acquired by the city in accordance with law. It follows that the ordinance in question vests no authority in the commissioner to impose the condition which he has imposed, and, as the relator has complied with all the other requirements of the ordinance, he is entitled to the issuance of a permit.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.