Jacob L. Kesner, Eli B. Felsenthal, Edward D'Ancona, Milton J. Foreman, Herman Frank and Albert L. Strauss v. Catherine Miesch.

1. Equity Pleadings—*Sufficiency of—Bills to Restrain Trespasses-* —General allegations of irreparable injury, without an allegation of insolvency, or inability of the defendant to respond in damages to the amount of the loss that may be suffered, are not sufficient to warrant the enjoining of a threatened trespass. Nor is the fact of a single trespass having been committed, sufficient.

Bill for an Injunction.—Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed. Opinion filed July 31, 1900.

Edward N. D'Ancona, attorney for appellants.

No appearance by appellee.

Mr. Justice Shepard delivered the opinion of the court.

Upon an *ex parte* application the appellee obtained an interlocutory order of injunction restraining the appellants from interfering with the possession of herself and her tenants of certain described improved real estate. This appeal is for the purpose of procuring a dissolution of such injunction. Appellee, by neglecting to appear in this court, does not interpose any defense to the injunction.

It may be, as argued by appellants, that the fair and proper inference from the allegations of the bill is that appellee's tenant and not herself is in possession of the premises, and that the alleged threatened trespasses are against the possessory interest only, and that therefore the bill should have been filed by the tenant, and not by the appellee as owner of the reversionary estate.

There is, however, an allegation of a physical injury to the premises committed by appellants, which, though slight, and perhaps not permanent in its nature, we will, for the

purpose only of considering the injunction, treat as sufficient to justify the appellee's right to sustain the bill in her own name.

Other and further relief than by injunction, is asked by the bill, though this appeal in no manner affects any such other relief.

The bill alleges in general terms that unless appellants are restrained from interfering with the possession of appellee and her tenant she will suffer irreparable injury. One act of trespass and only one is alleged. All other grounds for relief by injunction consist in general allegations of threats by appellants that they will take and keep forcible possession of the premises from appellee.

In what such threats consist is not made to appear. It may be that they consist only in threats to dispossess appellee through legal process in furtherance of some lawful right which she has the right to defend against in regular course; or of a vain and empty character such as equity will not attempt to relieve against. The bill contains no allegation of the insolvency of the appellants, or any one or more of them, or of their inability to respond in damages to any amount that appellee might recover against them.

It thus appears that the only grounds for equitable relief by way of injunction that the bill sets up are the allegation of irreparable injury in general terms, without any facts or circumstances stated from which irrevocable mischief may be seen to be the result of what is complained of; the single act of trespass already committed, without any allegation that it will be repeated, and the allegation of threats by appellants, in general terms, that they will take and keep possession of the premises.

General allegations of irreparable injury, without an allegation of insolvency, or inability to respond in damages to the amount of loss that may be suffered, are not enough to warrant the enjoining of a threatened trespass. Nor is the fact of a single trespass having been committed, sufficient.

The rule is well stated in terms applicable to this case in Owens v. Crossett, 105 Ill. 354; Poyer v. Village of Des-

plaines, 123 Ill. 111; Cicero Lumber Co. v. Town of Cicero, 176 Ill. 9.

For anything made to appear, appellee has a complete remedy at law for everything against which the injunction is directed, and the order of injunction will therefore be reversed.