## August Heineck v. Julius Grosse.

99 441
·111 ¹591
112 344
112 345

1. CITY OF CHICAGO—*Right to Authorize the Use of Space Underneath Sidewalks.*—The city of Chicago has the right to authorize the use of space underneath sidewalks, provided it does not, by doing so, infringe the full, free and safe use of the street in all its parts by the public; but it has no right to authorize the use of any part or portion of the sidewalks of the city for private purposes.

2. SIDEWALKS—*Definition of, and Uses.*—A sidewalk is a part of the street, set apart for the use of pedestrians.

3. CITIES—*Can Not Divert a Street for any Purpose Inconsistent with the Full and Free Right of the Public to Use the Same.*—A city has no power to divert the use of a portion of a street or sidewalk for private occupancy for business purposes and any attempt to do so is beyond its power. A permit to a person for such a purpose is absolutely void.

4. LEASE—*Where It Can Not Be Made the Basis of an Action for Recovery of Rent.*—A lease in violation of an ordinance prohibiting the occupancy of a part of a sidewalk for private purposes is invalid and can not be made the basis of suit for the recovery of rent.

**Action for Rent.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1901. Reversed. Opinion filed January 16, 1902.

JOSEPH W. ERRANT, attorney for appellant.

M. E. AMES, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellee demised to appellant for the term of five years, at a rental of $65 per month, from May 1, 1892, by lease in writing, containing the customary provisions in city leases and the provisions below mentioned, the premises described as follows :

" That part of the premises known as the southwest corner of Clark and South Water streets, in the city of Chicago, county of Cook and State of Illinois, which are under the sidewalk extending in front of the same premises on South Water street, together with the right to occupy such a portion of the sidewalk in front of said premises as the authorities of the said city of Chicago and its laws and ordinances may permit; it being distinctly understood that

the meaning and intention of this lease and demise is to convey to said second party the right of occupancy only to such part of the premises hereinabove described as are now in use and are occupied by him. And in the event that the said city of Chicago may restrict said second party from occupying the sidewalk as now occupied, or any portion thereof, in front of said premises, the rent for said premises herein described is to abate, by reason of the restrictive or prohibitory regulations or ordinances of said city of Chicago, and this lease is to become null and void."

The appellant occupied said premises prior to the time of the lease and continued so to occupy them and pay rent therefor to appellee under the lease for four and one-half years, when he vacated the same. This suit is for rent of the last six months of the term, less $25, which appellee collected from another person for the same premises during that period. The plaintiff declared specially upon the lease and on the common counts. The plea was the general issue. A trial before the court without a jury resulted in a finding for the plaintiff and judgment thereon for $365, from which the appeal is taken.

No rent was paid by appellant for the last six months of the term of the lease, and it is claimed that there could be no recovery because the lease, as it is claimed, is void, because unauthorized by law, and is in violation of the ordinances of the city of Chicago.

There were in force at the time of the making of this lease the following ordinances:

"Section 1623. No person shall erect any booth or establish or fix any stand for the sale of fruit, books or other merchandise, or any article or thing of value whatever, incumbering any part or portion of the streets, or sidewalks, under the penalty of five dollars for each offense."

"Section 1839. Stands for Fruit and Merchandise.—No person shall erect any booth or establish or fix any stand for the sale of fruit, books or other merchandise, or any article or thing of value whatever, incumbering any part or portion of the streets or sidewalks, under the penalty of not more than five dollars for each offense."

There was also another ordinance in force prohibiting the occupation by any person of any space beneath the side-

Heineck v. Grosse.

walks of the city without a permit from the commissioner of public works first had and obtained, under severe penalties.

It is claimed for 'appellee that these ordinances were improperly admitted in evidence, because they were not pleaded. Appellee is not in a position to urge this contention, as he has assigned no cross-errors.

It is also said that only the portion underneath the sidewalk was leased to appellant, and he can not deny his landlord's title; in other words, that the appellant can not be heard to say that appellee has no authority to lease a space underneath the sidewalk. We think this claim can not avail appellee, as the lease purports to and does, by its express terms, give the appellant the right to occupy a portion of the sidewalk in front of the premises known as the southwest corner of Clark and South Water streets.

The city of Chicago has the right to authorize the use of space underneath sidewalks provided it does not infringe thereby the full, free and safe use of the street in all its parts by the public. West Chicago M. Ass'n v. Cohn, 192 Ill. 210–16, and cases cited.

The city has not, however, the right to authorize the use of any part or portion of the sidewalks of the city for private purposes. Canal Co. v. Garrity, 115 Ill. 155–67; Smith v. McDowell, 148 Ill. 51–64; Pennsylvania Co. v. City of Chicago, 181 Ill. 289–96; Cohn case, *supra;* Anisfield Co. v. Grossman Co., 98 Ill. App. 180.

In the Pennsylvania case, *supra*, the court say :

" The city has no power of authority to grant the exclusive use of its streets to any private person or for any private purposes, but must hold and control the possession exclusively for public use, for purposes of travel and the like."

The sidewalk is a part of the street set apart for pedestrians. City of Bloomington v. Bay, 42 Ill. 503.

In the Cohn case, *supra*, the Supreme Court say that municipal authorities " can not divert a street, or any portion thereof, to any purpose inconsistent with the full and free right of the public to use the same." The use of a.

portion of the sidewalk for private occupancy for business purposes, as is attempted in this case, is clearly beyond the power of the city authorities, and any permit to the appellee for that purpose is absolutely void.

Moreover, the lease is in direct violation, so far as it provides for the occupancy of a portion of the sidewalk, of the municipal ordinances above set out, and is therefore invalid. Being invalid as to a part of the lease, because of its violation of the city ordinances, it can not be the basis of a recovery in this suit. Estate of Ramsey v. Whitbeck, 183 Ill. 550–65, and cases cited; Shortall v. Fitzsimons & C. Co., 93 Ill. App. 231–4, and cases cited.

In the Whitbeck case, *supra*, the Supreme Court say :

"No one can gain any right by obtaining a promise founded upon considerations in violation of the law, and the courts will not destroy the respect due to the law by enforcing such a promise, but will leave the parties where they have placed themselves by their own conduct."

In the Shortall case, *supra*, we said :

"We know of no well considered case where a recovery has been allowed, when the very basis of the action is an illegal contract or its breach. * * * If a part of the consideration upon which a promise rests is illegal, the entire promise fails."

There being no evidence in the record to support the judgment, except the lease, we are of opinion that the learned trial judge erred in rendering judgment against appellant, and it is therefore reversed.