## James Pagames, et al., v. City of Chicago, et al.

### Gen. No. 11,068.

1. INJUNCTION—*when, does not lie.* Injunction does not lie against a municipality and the officers thereof, to restrain them from interfering with complainants in conducting their business of dealing in fruits and the like upon the streets and sidewalks of such municipality in such manner as to cause a substantial and permanent obstruction to public travel over and upon such streets and sidewalks.

2. ORDINANCE—*validity of, authorizing the use of public streets for private purposes.* An ordinance which authorizes private persons to conduct a business upon the streets or sidewalks of a municipality so as to cause substantial and permanent obstruction to public travel over and upon such streets or sidewalks, is void, and no rights can be acquired thereunder.

3. STREETS—*power of abutting property owners to grant rights in.* Property owners abutting upon a public street cannot by consent or lease grant to private individuals the right to occupy any portion of such street in such manner as substantially and permanently to obstruct travel thereon.

4. CONCLUSIONS OF LAW—*effect of averring.* A right cannot be predicated upon the statement of mere conclusions of law; the facts from which such legal conclusion is to be drawn, should be set up.

5. TRESPASS—*equity will not restrain the commission of a.* Equity will not restrain the commission of a trespass upon private property, as, for example, where a municipality has threatened to compel the removal of fruit stands, etc., which the owners claim stand not upon the street but upon the private property leased by the owners thereof to the occupants.

Bill to enjoin municipality from interference with fruit and flower stands. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed January 14, 1904. Rehearing denied February 1, 1904.

MORRIS FRISCH and M. D. BROWN, for appellants.

CHARLES M. WALKER, Corporation Counsel, and WILLIAM H. SEXTON, Assistant Corporation Counsel, for appellees.

MR. JUSTICE WINDES delivered the opinion of the court. Appellants, ten in number, who were fruit and flower dealers at different places in what is known as the South

Pagames v. City of Chicago.

Side down town business district in the city of Chicago, filed their bill September 17, 1902, against the city of Chicago, F. W. Blocki, Commissioner of Public Works, M. J. Dougherty, Superintendent of Streets, and Peter Kiolbassa, Commissioner of Buildings, to enjoin the defendants from removing, molesting or interfering with complainants, or either of them, in the exercise and prosecution of their said business at their respective business places specified in the bill. On the same day the bill was filed a preliminary injunction was issued. The bill was subsequently amended and a general demurrer thereto sustained, the injunction dissolved and the bill dismissed for want of equity, from which decree this appeal is taken.

The question presented is, whether the appellants may maintain an injunction to prevent the appellees from interfering with appellants in conducting their business of dealing in fruits and flowers at their respective places of business upon the streets and sidewalks of the city of Chicago in such manner as to cause a substantial and permanent obstruction to public travel over and upon the streets and sidewalks. That such an injunction may not be maintained is clearly settled by the decisions of this and the Supreme Court. Anisfield Co. v. Grossman, 98 Ill. App. 180, and cases cited; Heineck v. Grosse, 99 Ill. App. 441, and cases cited; People v. Harris, 203 Ill. 272-9, and cases cited.

In the Anisfield case we held that although an ordinance of the city permitted it, a private person doing business on State street near Monroe street, Chicago, could not legally build a bay window extending into and over the sidewalk eighteen inches, for the reason that it was an obstruction to public travel as well as an obstruction to the light and prospect of owners and lessees of adjoining buildings on the same street, and that the ordinance which permitted such obstruction was void.

In the Heineck case, *supra*, the principle of our previous holding is reaffirmed, and we said, among other things:

"The city has not the right to authorize the use of any part or portion of the sidewalks of the city for private purposes."

In the Harris case, *supra*, decided by the Supreme Court since the filing of the briefs in this cause, the Supreme Court held, in substance, that a bay window extending eighteen inches into the street is an encroachment upon such street which cannot be justified under authority of an ordinance permitting its construction, for the reason that the city has no power to make such a concession as against the public. The court, among other things, says:

"If bay windows may be authorized to be extended into the street eighteen inches when near the ground, then why may not cities authorize property holders living opposite each other, or property holders owning properties on each side of the street, to cover the entire street, so long as they shall place their projections and obstructions high enough that the tallest man in the community, or the highest wagon or the biggest load that may be conceived of, may pass readily? It seems to us the very suggestion carries with it its own answer, and that there is no safe field of speculation other than to keep within the limits placed by the books, by saying that the streets, in their entirety, are public properties exclusively for public use, and that they or any part of them, cannot be devoted exclusively to private purposes or private use."

This case clearly controls the case at bar, and establishes that appellants cannot maintain the injunction sought by their bill, notwithstanding the ordinance of the city set up in the amended bill, as follows:

"No clothing, goods, wares, merchandise, boxes, poles or other article or thing, shall be placed or piled on the sidewalk in front of any store, shop or any other place in said city, so as to occupy more than three (3) feet next to the building, nor in such manner as to be more than four (4) feet high above the top of the sidewalk, and where suspended above the top of the sidewalk shall be placed or hung that the lowest part of such articles shall be at least eight (8) feet above the top of the sidewalk, and not more than three (3) feet from the building or boundary line of the lot," and the allegations of the bill to the effect, in substance, that appellants had not violated this ordinance.

If this ordinance may be construed to allow appellants to conduct their business upon the streets or sidewalks so as to cause a substantial and permanent obstruction to pub-

Pagames v. City of Chicago.

lic travel thereon and thereover, then it is clearly void and appellants can have no rights thereunder.

It is argued that because it is alleged that the several appellants here have the consent of and also have leases from the occupants of the buildings where their stands are respectively located to use or occupy the spaces which they respectively are now occupying and for some time last past have occupied for the sale of fruits and flowers, that this gives them a right to maintain the bill. We held in the Heineck case, *supra*, that such a lease was void and could confer no right to any part of the surface of a street or sidewalk. If a lease could confer no right to appellants in this regard, certainly the consent of the occupants of the buildings could not avail appellants. The occupants of the buildings could have no such title in the streets or sidewalks that they could give any right to appellants to occupy exclusively any part of the city's streets or sidewalks.

It is also said that because it is alleged that the several spaces so occupied by appellants were the private property of the owners of the buildings in front of which appellants' places of business were located, and under the control of the occupants of such buildings, and because of such consent and leases from the occupants of the buildings for the use of said spaces, this gives a right to maintain the bill. It is by no means clear, from any allegations of facts in the bill, whether the respective places where appellants carry on their business are private property. The statement in the bill that these places were private property is a mere conclusion. No facts are alleged which show clearly this conclusion to be a correct one. On the contrary, we think the clear inference, when all the allegations of the bill and amendment thereto are considered, is that the respective places of business of appellants are upon the sidewalks and in the streets in front of the several buildings, from the occupants of which they claim to have leases; also, that their several flower and fruit stands constitute a substantial obstruction to public travel over and upon the streets and sidewalks. But if the bill can be construed clearly to allege that

appellants occupy private property and no part of the public streets or sidewalks, then the bill will not lie, for the reason that equity will not interfere to restrain the commission of a mere trespass upon private property such as it is alleged the appellees have threatened to commit to appellants. High on Injunctions (3rd Ed.), Secs. 697 and 698; Edwards v. Holger, 180 Ill. 99–108; Kesner v. Miesch, 90 Ill. App. 437; Alden Coal Co. v. Chollis, 103 Ill. App. 53.

There being, in our opinion, no equity in the bill as amended, the decree of the Circuit Court is affirmed.

*Affirmed.*