## City of Chicago, et al., v. Peter Pooley.

### Gen. No. 11,641.

1. STREETS—*power of municipality with respect to granting use of.* A municipality has no power or authority to grant the exclusive use of its streets, or any part thereof, to any private person or for any private purpose, but must hold and control the possession solely for public use.

2. STREET STAND—*right to maintain, upon public street.* A private individual, even with the consent of the abutting property owner, has no right to maintain a stand upon a public street.

3. STREET STAND—*what essential to establish an estoppel to prevent the removal of.* To create such an estoppel, it must appear not only that the city authorities have so long withheld the assertion of control over the portion of the street in question that the owner of such stand must have been thereby induced in good faith to believe the street or sidewalk to have been abandoned by the public, but also that on the faith of that belief and with the acquiescence of the public authorities, he has erected structures on the street or made improvements thereon of such lasting and valuable character that to permit the public to assert its title and repossess itself of the premises, would entail upon him great pecuniary loss and sacrifice.

4. STATUTE OF LIMITATIONS—*when, does not run against municipality.* The Statute of Limitations does not run against a municipal corporation in respect to property held by it for public use, and, hence, mere possession by a person of a portion of a public street, however long continued, avails nothing.

Proceeding to enjoin municipality from removing street stand. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Reversed. Opinion filed March 1, 1904.

MICHAEL F. SULLIVAN, Assistant Corporation Counsel, for appellants; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

No appearance for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

This is an appeal from an order granting an injunction upon a bill filed by appellee against the city of Chicago and some of its officers to restrain them from removing his candy and lemonade stand from the sidewalk at 102 East Washington street in Chicago.

The bill avers in substance that appellee has been engaged in business at said place for seven years; that the stand is against the front of the building and does not extend beyond three feet from the building line and he has the consent of the owner and occupant of the building to his occupying said space; that he has built up a profitable business which is his means of livelihood for himself and family, and has been engaged therein at said place for seven years last past; that he and they will suffer irreparable injury by the removal of said stand; that it occupies the space between the stair banisters of the First Methodist church building on the west and the Chicago Title and Trust building on the east; that said banisters extend from the building line eight inches beyond appellee's stand, and his business in no way obstructs the sidewalk or interferes with persons passing thereon.

The title of the streets is vested in the city in trust for the public. The city is charged with the conservation, control, management and supervision of the trust estate, and it is its duty to defend and protect the title thereto. It has no power or authority to grant the exclusive use of its streets or of any part thereof to any private person or for any private purposes but must hold and control the possession solely for public use. All public highways from side to side and from end to end are held for the use of the public. This is the only safe rule. Pennsylvania Co. v. City of Chicago, 181 Ill. 296, and cases there cited; Masonic Association v. Cohn, 192 Ill. 216; Chicago Telephone Co. v. Northwestern Telephone Co., 199 Ill. 324, 348.

Bills quite similar to the present one both in regard to the facts averred and the relief prayed for have been frequently before the courts, and in each instance the relief has been denied. Ainsfield v. Grossman, 98 Ill. App. 180; Heineck v. Grosse, 99 Ill. App. 441; Pagames v. City of Chicago, 111 Ill. App. 590. The case last cited is nearly identical in its facts with the one at bar. In People v. Harris, 203 Ill. 272, the Supreme Court held that a bay window extending eighteen inches into the street is an en-

croachment thereon which cannot be justified under authority of an ordinance permitting its construction, for the reason that the city has no power as against the public to make such a concession. The ordinance upon which appellee relies, being Section 1837 of the Revised Code of the city of Chicago, is of no avail to him as it permits only the storage of goods upon a certain described portion of the sidewalk, but not the carrying on of a business thereon. But even if it undertook to do the latter, still the ordinance is null and void as being wholly beyond the power of the city to pass or adopt the same. Ainsfield v. Grossman, *supra;* Heineck v. Grosse, *supra;* Pagames v. City, *supra;* People v. Harris, *supra;* Hibbard v. City, 173 Ill. 91.

The fact that the owner of the building in front of which the stand of appellee is located has consented to his use of the space occupied by it, does not strengthen appellee's case and confers upon him no rights for the reason that the owner has no rights to confer. Pagames v. City, *supra;* Field v. Sarling, 149 Ill. 556.

That appellee has been permitted by the city for seven years to prosecute his business on the sidewalk, does not estop the city authorities from now interfering with and removing it. To create such an estoppel it must appear not only that they have long withheld the assertion of control over the portion of the street in question and that appellee must have been thereby induced in good faith to believe the street or sidewalk had been abandoned by the public, but also that on the faith of that belief and with the acquiescence of the public authorities he has erected structures on the street or made improvements thereon of such lasting and valuable character that to permit the public to assert its title and repossess itself of the premises would entail upon him great pecuniary loss and sacrifice. Shirk v. City, 195 Ill. 296; City v. Luney, 93 Ill. 185; Russell v. City, 200 Ill. 511. It will hardly be contended that appellee's candy and lemonade stand falls within the latter category.

The Statute of Limitations does not run against a munici-

pal corporation in respect to property held by it for public use, and hence mere possession by a person of a portion of a public street, however long continued, avails nothing. Cases last cited; Mecartney v. People, 202 Ill. 51.

The injunctional order is reversed.

*Reversed.*