## City of Chicago v. Christ Verdon.
### Gen. No. 11,914.

1.  STREETS—*what city not authorized to do.*  The streets are held and controlled by the city for the use of the general public and it cannot grant to any corporation or individual an exclusive right to their use or to the use of any part of them for private purposes; and it is immaterial with respect to a person seeking the right to use a portion of a public street for a private purpose that a like privilege has been granted to others.

Appeal from interlocutory order.  Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1904.  Reversed.  Opinion filed April 5, 1905.

**Statement by the Court.**  This is an appeal from an interlocutory order granting an injunction against the city of Chicago.

According to appellee's statement the purpose of the bill is to prevent the city "from discriminating against appellee and refusing to grant him a permit such as other merchants in the same vicinity are being granted, and to prevent the city of Chicago from destroying his business and confiscating his goods." The bill alleges that appellee has for a long time been engaged in business at 280 State street in said city, and has paid license and other fees demanded by the city, which now arbitrarily refuses to license him to continue his said business; that he is paying $100 a month as rent for his said place of business, and in consideration of such payment is entitled to use the three feet next adjoining the building of which he is an occupant, for the purpose of displaying his wares. He bases his claim to be so entitled upon his lease from the owner of the building and upon Sections 1837-8 of the Municipal Code, which are as follows:

"Storage on Street, Alley or Sidewalk. No street, alley or sidewalk shall be used for the storage of goods, wares or other merchandise of any kind or description whatever which will occupy a greater space than three feet next the building or boundary line of his or her lot."

"Manner of Storage. No clothing, goods, wares, merchandise, boxes, poles or other articles or things shall be placed or piled on the sidewalk in front of any store, shop or other place in said city so as to occupy more than three feet next to the building."

He further sets up the fourth section of an ordinance enacted July 14, 1904, which relates to compensation to be paid the city for use of space under the sidewalks, and clearly has no relation to the use of space upon the surface of sidewalks or streets. Appellee claims to have offered the city such compensation as it might demand, which was refused. He claims that while the city prevents him from using such space, it does not interfere with other merchants who are allowed to erect permanent structures on said three feet of sidewalk space.

The answer of the city sets forth a provision of its ordin-

ances in force during the whole time of appellee's occupancy
as follows: "No person shall erect any booth or establish or
fix any stand for the sale of fruits, books or other merchandise, or any article or thing of value whatever, encumbering
any part or portion of the streets or sidewalks, under the
penalty of not more than five ($5) dollars for each offense."

It is further answered that said stand is used not only for
the display but for the sale of fruit and flowers by appellee
and that it is wholly upon the public sidewalk, and no part
of it on private property.

The injunction complained of restrains the city's officials
and employees from interfering with the complainant in the
prosecution of his business at the place alleged until the
further order of court, and was granted upon bill, answer
and replication without bond.

MICHAEL F. SULLIVAN, Assistant Corporation Counsel,
for appellant; EDGAR BRONSON TOLMAN, Corporation
Counsel, of counsel.

MORRIS FRISCH and HENRY J. GIBBS, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The injunction cannot be sustained upon the face of the
bill itself. The city has no power by permit, ordinance or
otherwise to convert or appropriate any portion of the sidewalks upon public streets for private use. The streets are
held and controlled in trust for the use of the general public,
and "no corporation or individual can acquire an exclusive
right to their use, or to the use of any part of them for
private purposes." Smith v. McDowell, 148 Ill. 51-64;
John Anisfield Co. v. Grossman, 98 Ill. App. 180-187;
Heineck v. Grosse, 99 Ill. App. 441-443, and cases there
cited; Pennsylvania Co. v. City of Chicago, 181 Ill. 289-
296; People ex rel. v. Harris, 203 Ill. 272-282. The sections of the ordinance referred to in the bill confer no authority such as appellee claims, and if they did would be
invalid. It is no ground for the relief sought that others
are doing the same thing without interference, if such is

the fact.   Such discrimination if it exists is indefensible. It is the duty of the city authorities to enforce the laws and ordinances equally and without fear or favor.   If they do not, the remedy is not to restrain them from such enforcement as they may be attempting.   Other remedies are available.   In this case the answer shows a clear violation of the ordinances of the city on the part of the appellee. His counsel's brief makes no pretense of defending the injunction order.   It will be reversed.

*Reversed.*