## UNLAWFUL OCCUPATION OF SIDEWALK WITH GOODS AND WARES.

### Common Pleas Court of Clark County.

Gus M. Salzer & Brothers v. Bowlus-Hackett Fruit Co. et al.

#### Decided, March, 1914.

*Municipal Corporations—Occupation of Part of Sidewalk for Exhibition of Merchandise and Wares—Whether Unlawfully Authorized by Ordinance a Question of Fact Determinable by Judicial Inquiry— Ordinance Invalid if Such Occupancy Interferes with Public Use —Easement of Abutter—Injunction—Section 3714.*

1. By the provisions of Section 3714, General Code, the council of a municipal corporation is empowered to supervise and control the public highways, streets and sidewalks of the corporation, but such power must be exercised so as not to seriously impair the use of said highways, streets and sidewalks by the public for travel and transportation of property, or seriously to interfere with the enjoyment by the owners of property abutting on such highway, street or sidewalk of such rightful easement in the same in relation to his property as they may have, and whether such power of the municipal corporation is wrongfully exercised in any case is a question of fact to be determined in a judicial inquiry by the particular circumstances of the case.

2. Where an ordinance of a municipal corporation in terms authorizes the owner or occupant of any store or premises abutting on a sidewalk to occupy for the purpose of exhibiting his wares or merchandise three feet of the sidewalk in front of said store or premises, which space to be so occupied shall be immediately adjoining the line of said premises, such use is not made lawful by the ordinance if such occupancy of the sidewalk materially interferes with its use by the public or with special easements of the owners of property abutting thereon.

3. If such occupancy of the sidewalk is unlawful it will be enjoined in an action brought by the owner of such special easement, upon his showing that he sustains special injury in the premises.

*Chase Stewart,* for plaintiff.
*John M. Cole,* contra.

HAGAN, J.

.Demurrer to plaintiff's reply.

This action was commenced March 25, 1912, by the filing of a petition by the plaintiffs, alleging, in substance, that the plaintiffs occupy storerooms and basement of the Constantine Building, located on the southeast corner of High and Center streets, in the city of Springfield, Ohio, and conduct a large and profitable business on said premises in retailing furniture and kindred lines and clothing, the property abutting eighty-five feet on the south property line of the public sidewalk of West High street, and the two main entrances to the said premises being located thereon; that said entrances are constantly and necesarily used in plaintiff's business, by its employees, customers and the general public, all of whom, for the purpose of access to and egress from said premises, constantly employ and traverse the said south sidewalk of West High street from Fountain avenue to the plaintiff's premises; that the defendants, William A. Evans & Company and the Bowlus-Hackett Fruit Company, severally occupy the premises abutting respectively thirty feet and fifty feet on said south sidewalk; that both of said defendant firms are wholesale fruit and vegetable commission merchants, and use their respective premises for buying, selling, storing, displaying, receiving, loading and unloading large quantities of fruits, etc., and are and have been wrongfully, unlawfully and unnecessarily obstructing and encroaching upon the sidewalk in front of their respective premises by placing on all portions thereof large boxes, crates, etc., and thereby encumbering and blockading said sidewalk, both by piling such obstructions against their buildings to the width of from four to six feet and more therefrom, as well as by unloading same upon said sidewalk along the curbing; that defendants allow such obstructions to remain upon said sidewalk for entire days, and keep said sidewalk covered with such obstructions for the purpose of displaying their goods to their trade, and thereby create and maintain such obstructions as a nui-

sance to the injury and annoyance of the public, and all persons desirous of using and traversing said sidewalk; that in consequence of the defendants' said acts it has been either difficult or impossible for any persons to pass over said sidewalk in either direction, and persons desirous to travel along the same have been prevented thereby, and have been compelled either to divert their way out into the roadway of the street, or to walk along the north side thereof or to travel along some other street of said city; that in addition to the public inconvenience, annoyance and injury therefrom resulting plaintiff has been especially injured, in that its agents, employees, customers, visitors and prospective customers have been constantly prevented and hindered from using said south sidewalk as a means of approaching and leaving its store; that many customers and prospective customers have lessened their visits to said store on account of said obstructions, and many have ceased to deal with the plaintiff, and plaintiff has lost the trade of a large part which formerly came from passers-by, who were attracted to plaintiff's display windows, by all of which facts the value of plaintiff's leasehold has been greatly injured and impaired, and plaintiff's location for the retail furniture and clothing business has greatly decreased in value, to the material injury of the good will of plaintiff's business.

The petition further avers that the defendants threaten to and unless restrained by the court will continue to unlawfully encroach upon said sidewalk and maintain said nuisance, and the damages resulting to plaintiff therefrom will be irreparable, and plaintiff is without adequate remedy at law.

A temporary injunction is prayed for, and that it be made permanent.

To this petition the defendants filed their separate answers. The answers are substantially alike—each sets forth a first defense, specially denying that the defendant has unlawfully, wrongfully, unreasonably and unnecessarily obstructed and encroached upon the public sidewalk in front of its premises, in the manner or form alleged in the petition, and denies all other allegations of the petition.

The second defense of the answer says that by virtue of Section 278 of the general ordinances of the city of Springfield, Ohio, it is provided that any owner or occupant of any store or premises may occupy, for the purpose of exhibiting his wares or merchandise, three feet in width of the sidewalk in front of such store or premises, which shall be immediately adjoining the line of said premises; that under the provisions of said ordinance the defendant has, at the time mentioned in the petition, occupied said three feet in width of the sidewalk in front of its premises for the purpose of exhibiting its wares and merchandise; that as to other portions of said sidewalk in front of said premises the defendant doing, as it does, a large business as a wholesale commission and produce merchant, in the careful and reasonable use of said sidewalk in front of its said place of business occupied and used the same at the time mentioned in the petition, only for the purpose of delivering and discharging freight, and for the purpose of receiving and shipping goods, and in that manner necessarily, reasonably and lawfully obstructed such other portions of the said sidewalk by its said freight and goods.

The application for a temporary restraining order was submitted to my predecessor, Judge Kunkle, on affidavits and the separate answers of the defendants, and upon consideration thereof he granted a temporary restraining order December 28, 1912, pending the final hearing of the case, whereby the defendants, their agents, servants and employees were enjoined to refrain from unnecessarily or unreasonably obstructing that portion of the sidewalk which is comprised outside of the line thereon of three feet next adjoining the premises of defendants abutting upon said sidewalk by its or their goods, wares, and merchandise,and from unnecessarily or unreasonably hindering or preventing plaintiffs, their employees, servants or customers, from having the convenient use of their said premises.

Plaintiff has filed a reply to the second defense of said answers, by which reply plaintiff admits the existence and provisions of said ordinance, as alleged in the answers, but avers that said ordinance is invalid, void and of no effect, because

said provision in question was enacted without authority of law, the same tending to prevent the sidewalks of said city being kept open, and free from nuisance.

The defendants demur to this reply of the plaintiffs, alleging the invalidity of said ordinance, and the case is submitted to the court upon said demurrer and the briefs of counsel.

Section 3714, General Code, reads as follows:

"Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

Section 278 of the general ordinances of the city of Springfield, Ohio, provides as follows:

"It shall be unlawful for any person to place or deposit, on the public highways, streets, avenues, alleys, sidewalks, or public grounds, any wood, coal, box, barrel, crate, cask, keg, casting, lumber, goods, wares, furniture, merchandise, or any other material or obstruction whatsoever; unless for such reasonable time as may be actually necessary for receiving or discharging the same from some store, building or other place, and in such event the same shall be so placed as not to block the street, alley, sidewalk, public highway or public ground upon which the same is so placed or to interfere with the free passage of water in the gutters of such street, alley or public highway; provided, that the provisions of this section shall not apply in such cases as are now or may hereafter be authorized by ordinance or resolution of council or by resolution of the board of public service, and provided further, that any owner or occupant of any store or premises may occupy for the purpose of exhibiting his wares or merchandise three feet in width of the sidewalk in front of such store or premises which shall be immediately adjoining the line of said premises."

Under said statutory law and ordinance, what rights, if any, are conferred upon either of the defendants to use three feet of the sidewalk next to the line of its premises for the display of its articles of merchandise?

Public streets were originally designed for public travel and transportation of persons and property by means of carriages, wagons or beasts of burden.  Public streets, however, have, in the progress of civilization, been subjected on their surface, above their surface, or under their surface, to many other uses of a public nature, such as street railways, wires, pipes and other appliances, for gas, electricity, telephones, telegraph lines, water and sewerage, any and all of which uses may be carried on either by the municipality or by private enterprise.  All such uses are authorized by municipalities under the provisions of state law.  When a municipality grants a franchise for such a use to operate for a specified term of years, a contract thus arises between the grantor and the grantee, and the contract is inviolable during the term of its life, or as long as the grantee observes the conditions of the grant.  All the people have the right to use the public highways under such reasonable regulations as may be provided by the municipality.

The owner of abutting property on a street, in addition to his right to enjoy the same in common with all other members of the public, has special interests in the right of access to the property from the street, and to the street from the property, by passing over the same or transporting his goods or other portable articles to and from his property.  He also has the right to use a portion of the street and to use the sidewalk for the purpose of transporting materials to his premises for building or repairing structures thereon.  He also has the right to receive light and air for the enjoyment of his premises from the street, without obstruction.  The easement which he has for such purpose is as much property as the soil itself which constitutes his lot.  He does not derive it from the Legislature or the municipality, and neither can take it away from him without just compensation.  *Clark* v. *Fry*, 8 Ohio St., 358; *Columbus* v. *Penrod*, 73 Ohio St., 209.

In the enjoyment of this easement, however, he may be subjected by the municipality to such regulations as that he may not use it unreasonably, so as to materially obstruct the use of the street, including the sidewalk, by the public generally, or by the owners of abutting property adjoining his own.

The municipality may license other uses of the street proper or the sidewalk by owners of the abutting property which do not materially interfere with its use by the public or such easement of the owners of other abutting property, in which case it must give way to such rights of the public to access, light, air, etc., already described. *C., C., C. & St. L. Ry.* v. *Provision Co.,* 9 N.P.(N.S.), 572; *Elster* v. *Springfield,* 49 Ohio St., 82.

License by the municipality for any such private use or its mere silent permission or acquiescence does not create a right, but merely a privilege revocable by the municipality at any time, and existing by its mere licensed permission or acquiescence, and moreover where the municipality does not revoke such a grant, or where such a use exists merely by its silent permission or acquiescence, if it works a special injury to the owner of abutting property which is not common to him and other members of the public, he may have relief against the thing complained of on the ground that it is a nuisance.

A license by the city of Cincinnati to an owner of abutting property to construct and maintain a bridge across the street where it did not interfere with travel by the public, or with the light and air of any owner of property abutting upon the street was upheld by the Supreme Court of Ohio. *Kellogg* v. *Traction Co.,* 80 Ohio St., 331.

The court, at page 347, approved the case of *Cincinnati* v. *Fleischer,* 63 Ohio St., 229, upholding the right of an owner of abutting property to maintain a carriage block on the sidewalk, of the usual size and occupying the usual position of such blocks near the curb upon the street, where the city had merely permitted it to be in the street, without expressly authorizing it. The court in *Kellogg* v. *Traction Co., supra,* at page 348 said:

"The immemorial practice has been for the abutter to maintain in the street shade trees, carriage blocks, hitching posts, lamp posts, areas, cellarways, coal cellars or holes, steps, stairways, fire escapes, porticos, bay windows, awnings, signs and other conveniences, and to place his building flush with the street so that the eaves project over the street and his window shutters open over the sidewalk."

At page 349, however, the court said that the public must not be inconvenienced by any such private use of any part of the street. The only possible exception to the rule that such private use of a street must depend upon the silent permission or acquiescence of, or a license by the municipality, is where the use is so far above the surface or so far beneath it that it can never interfere with any legitimate public use of the street, or the easements of the owner of abutting property—as, for instance, where a line is strung for an electric current eighty feet above the surface of the street. *Henry* v. *Cincinnati*, 1 C.C.(N.S.), 289.

With the limitation thus approved, and with the further limitation already pointed out by the court as to the right of the owner of abutting property to have access to the same, the use of the sidewalk for building or repairing structures on his property, and the enjoyment of light and air from the street for his property, all merely private uses of the roadway of the street, or of its sidewalk, may be prohibited by the municipality. The right of a city to authorize the columns of a building to be extended for ornamental purposes twenty-four inches over the sidewalk from the line of the building, where it did not interfere with public travel, has been sustained. *Sautter* v. *Bank*, 45 Misc., 15.

On the other hand, an iron stairway extending over five feet onto a sidewalk was enjoined at the instance of the owner of abutting property, as an obstruction to public travel, and therefore a nuisance. *Pettis* v. *Johnson*, 56 Ind., 139.

On the examination of a large number of authorities in Ohio, and in other states, the court is of the opinion that no private use of a sidewalk, or a street, can be rightfully enjoyed, whether the same is expressly authorized by a municipality, or merely permitted or acquiesced in by it, to the injury of the owner of abutting property on the street, or where such private use in any way materially interferes with any legitimate use of the street or sidewalk by the public.

This rule is stated in the case of *Branahan* v. *Hotel Co.*, 39 Ohio St., 333, which was a case brought to enjoin the use of part of a street for a hack stand. At page 344 the court said:

"The city is clothed with power over the streets, and is charged with the duty of keeping them open for public use and free from nuisance. It may enlarge these general public uses without infringing the rights of the adjacent owner, but where additional burdens are imposed even for a mere public purpose, which materially impair the incidental property right of the lot owner, equity will enjoin until compensation is made. This ordinance granted a permanent use of the street for private uses. As well might the city authorize permanent booths or structures for the use of dealers in the various articles of trade. Having no rent to pay, the occupants could accommodate the public at better rates. The supervision and control of the public highways of a city is a public trust, and while additional uses may be imposed, not subversive of, or impairing the original use, such as laying down gas and water mains; yet the rights of the public to use it as a street, and of the adjacent lot owner to enjoy it as the means of access to his property, can not be materially impaired."

The general doctrine is well stated in the case of *Snyder* v. *Mt. Pulaski*, 176 Ill., 397.

A very full discussion of the subject by the Supreme Court of the state of Iowa is found in a decision rendered in 1909, *Lacy* v. *Oskaloosa*, 143 Iowa, 704.

A case directly in point is that of *People* v. *Willis*, 9 App. Div., 214, the syllabus being:

"The common council of the city of Brooklyn is not authorized to permit the use of the sidewalk for displaying goods, by the provision of the charter that it may regulate all matters connected with the public wharves, and all business conducted thereon and with all parks, places and streets of the city."

The rule is perhaps broader than the lines of authorities we have been examining, but certainty it is good authority for the proposition that such a license would not protect the licensee if the use thereby granted would interfere materially with the use of the street by the public, or with any of the easements of the owner of abutting property.

There is also an interesting case, that of *Pagames* v. *Chicago*, 111 Ill. App., 590, decided in the year 1904, where there was an ordinance in tenor very much like the one here in question,

authorizing the occupancy of three feet next to the building for the display of clothing, goods, wares, merchandise, etc.    The court said:

"If this ordinance may be construed to allow the licensees to conduct their business upon the streets or sidewalks so as to cause a substantial and permanent obstruction to public travel thereon and thereover, then it is clearly void and there can be no rights thereunder."

A very exhaustive case on the general rule, to which we have referred, and where the right of one who was specially injured by a nuisance growing out of the use of the street for private purposes was invalid, is that of *Townsend* v. *Epstein,* 93 Md., 537.

Authorities of the same tenor as those cited might be indefinitely multiplied, and it appears to the court that the rule to be deduced from the general trend of authorities is that while private uses of a street, including the sidewalk, and affecting the surface, the super-surface or sub-surface of a street, may be authorized by the municipality, or silently permitted or acquiesced in, to the extent that such uses do not materially interfere with the rights of the travelling public to use the street proper, or the sidewalk, or with the special easements which the owners of abutting property may have in relation to the street that whatever the form of the express authority may be, whether that of a resolution or of an ordinance, it is in effect a mere license revocable by the municipality, and as in the case of silent permission or acquiescence, to be enjoyed only in subordination to the general, legitimate uses of the street already described.    As between the municipality and the licensee, so long as silent permission or acquiescence therein obtains, it may exempt the user from any penalty which the corporation may seek to impose upon him for a particular use of the street, but if such use, either at its commencement or subsequently, is such as to materially interfere with the easement of the owner of abutting property, to his special injury, the fact that the use is authorized by an ordinance, or such silent permission or acquiescence, interposes no bar to relief for such property owner from the nuisance by injunction.

It may well be said that such a use of the sidewalk, in many instances, as is provided for by the ordinance in question, viz: the use of three feet of the sidewalk next to the property line for the display of goods, would not materially interfere either with the public use of the sidewalk or with the special easements of the owner of any abutting property.

For instance, in a part of the city where there is comparatively little travel along a wide sidewalk, the use by a grocer of such space to display his wares would not materially interfere with pedestrians passing along the walk, or with the easements of other abutting property owners.

On the other hand, in a part of the city where pedestrians crowd the sidewalks day by day, such use of the sidewalk might materially interfere with their passage over the pavement, and thus injuriously affect owners of other abutting property in the manner alleged in the petition.

It is not necessary to hold said ordinance invalid in order to afford relief to a party seeking it, but simply that the use which it licenses has become inconsistent with the exercise of the rights of the plaintiff.

In other words, it appears to the court that it is a question of fact in every instance, which is to be considered to determine whether the particular use complained of is specially injurious to the complainant.

Whether the plaintiff in this case has been specially injured in the respects, or any of the respects claimed in the petition, by reason of the alleged use of three feet of the sidewalk next to the premises of either of the defendants, must be determined by the effect such use has in consideration of all the circumstances upon the easement of the plaintiff, claimed by him, as to his own property, to enjoy the use of the sidewalk in front of the premises of the defendants as a way for his customers and employees to have access to the premises of the plaintiff.

The court having this view of the case, the demurrer will be overruled.